## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

OURARING INC.,

      *Plaintiff*,

v.

SAMSUNG ELECTRONICS AMERICA,
INC.,

      *Defendant*.

Civil Action No. <u>25-1064</u>

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ouraring Inc. ("Oura"), by and through its undersigned counsel, files this complaint under 35 U.S.C. § 271 for patent infringement against Defendant Samsung Electronics America, Inc. ("SEA," "Samsung," or "Defendant") and further alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

## OVERVIEW

1. This is an action for patent infringement on behalf of Oura. Originally founded in Finland in 2013, Oura is a pioneer in developing smart ring technology that allows users to take control of their health. Oura set out to develop a product that accurately provides personalized insight into a user's fitness and health by monitoring heart rate, temperature variations, blood oxygen levels, and movement during both sleep and active periods. Unlike other wearables (*e.g.*, wrist wearables) that are typically bulky and can be intrusive or interfere with a person's daily life (*e.g.*, uncomfortable to wear during sleep or for extended periods of time), Oura developed its product in an innovative, attractive, and user-friendly form factor—a ring.

2.    Since its founding, Oura has released four generations of its Oura Ring: Gen. 1 (2015), Gen. 2 (2018), Gen. 3 (2021), and Gen. 4 (2024).



Locke Hughes, *Inside the Ring: The Making of Oura Ring 4*, The Pulse Blog, https://ouraring.com/blog/inside-the-ring-oura-ring-4/ (last visited October 21, 2025).

3.    Backed by over a decade of experience and research, the Oura Ring has received numerous awards for its innovation, including the 2022 Best Sleep Tracker by Men's Health Magazine, 2023 Health Fitness Award, Cosmopolitan Best Overall Fitness Ring for 2024, Women's Health Magazine Sleep Tracker 2024, New York Times Best Sleep Tracker, WIRED Best Ring Fitness Tracker 2023, Forbes Best Sleep Tracker, among a number of other recognitions. Additionally, Oura ranked 33rd in CNBC's 2023 Disruptor 50 list, which ranks 50 of the most innovative private companies worldwide. In the 2025 Disruptor 50 list, CNBC ranked Oura as the 23rd most innovative private company, "which began transforming the list in 2023, and hasn't slowed down since." *See* https://www.cnbc.com/2025/06/10/oura-cnbc-disruptor-50.html (last visited October 21, 2025). Future crowned the Oura Ring as the "Best Recovery Tech" in the 2025 Future Innovation Awards. Also in 2025, TIME Magazine recognized Oura as a Pioneer in the TIME100 list of the "world's most influential businesses of the year," and TIME Magazine recently named the Oura Ring Gen. 4 as one of "The Best Inventions of 2025." *See* https://time.com/collections/time100-companies-2025/?filters=pioneers (last visited October 21, 2025); *see also* https://time.com/collections/best-inventions-2025/ (last visited October 21, 2025).

The Oura Ring was also selected by the National Basketball Association, the Ultimate Fighting Championship, and other organizations to equip their athletes with the most accurate and credible health technology. *See* https://www.si.com/nba/2020/07/01/oura-ring-nba-restart-orlando-coronavirus (last visited October 21, 2025); *see also* https://www.ufc.com/news/oura-official-health-wearable-ufc-performance-institute (last visited October 21, 2025).

4.     Based on Oura's business relationship with the U.S. military, Oura is expanding its manufacturing operations into Texas. Specifically, Oura is opening a factory, expected to be fully operational in 2026, in Fort Worth, Texas to meet the needs of its contracts. *See* https://ouraring.com/blog/oura-us-department-of-defense/ (last visited October 22, 2025).

5.     Oura's success has attracted copycats seeking to benefit from the market that Oura built through innovation and hard work. As Oura has grown, so too has its protection of its intellectual property. Oura has amassed a patent portfolio containing over a hundred patents worldwide related to the structure, design, and manufacturing of smart ring wearables and enforces its patents through licensing and/or litigation. Other smart ring manufacturers have recognized the value of Oura's intellectual property and have obtained a license from Oura in the recent past, including well-known smart ring manufacturers.

6.     Oura is forced to bring this action against Samsung as a result of Samsung's knowing and ongoing infringement of Oura's patents as further described herein.

7.     Prior to entering the smart ring wearable market, Samsung was aware of Oura's success and set out on a campaign targeting Oura's patents. On May 30, 2024, months prior to the sales launch of Samsung's Galaxy Ring, Samsung filed a Complaint for Declaratory Judgment in the Northern District of California seeking a declaratory judgment of non-infringement of five Oura patents, including one of the patents asserted here—U.S. Patent No. 11,868,178 (the "'178

Patent"). *See Samsung Elecs. Co., Ltd. v. Oura Health Oy*, No. 3:24-cv-03245, Dkt. 1 (N.D. Cal. May 30, 2024). Samsung is also challenging the validity of the '178 Patent through a Post Grant Review proceeding before the Patent Trial and Appeal Board ("PTAB"). *See Samsung Elecs. Co., Ltd. v. Ouraring, Inc.*, PGR2024-00030 (PTAB May 31, 2024).

8.     Since May 2024, Samsung has sought to invalidate eleven (11) other patents in Oura's portfolio, including through the following post-grant proceedings:

a.   *Samsung Elecs. Co., Ltd. v. Ouraring, Inc.*, IPR2024-00928 (PTAB May 31, 2024);

b.   *Samsung Elecs. Co., Ltd. v. Oura Health Oy*, IPR2024-00929 (PTAB May 31, 2024);

c.   *Samsung Elecs. Co., Ltd. v. Ouraring, Inc.*, IPR2024-00930 (PTAB May 31, 2024);

d.   *Samsung Elecs. Co., Ltd. v. Ouraring, Inc.*, PGR2024-00031 (PTAB May 31, 2024);

e.   *Samsung Elecs. Co., Ltd. v. Ouraring, Inc.*, IPR2024-01077 (PTAB June 28, 2024);

f.   *Samsung Elecs. Co., Ltd. v. Ouraring, Inc.*, IPR2024-01078 (PTAB June 28, 2024);

g.   *Samsung Elecs. Co., Ltd. v. Ouraring, Inc.*, IPR2024-01079 (PTAB June 28, 2024);

h.   *Samsung Elecs. Co., Ltd. v. Oura Health Oy*, IPR2024-01080 (PTAB June 28, 2024);

    i.   *Samsung Elecs. Co., Ltd. v. Ouraring, Inc.*, PGR2024-00038 (PTAB June 28, 2024);

    j.   *Samsung Elecs. Co., Ltd. v. Ouraring, Inc.*, PGR2024-00039 (PTAB June 28, 2024); and

    k.   *Samsung Elecs. Co., Ltd. v. Ouraring, Inc.*, IPR2025-00147 (PTAB Jan. 23, 2025).

9.    After defending multiple unprovoked attacks on its patent portfolio through post-grant proceedings and to protect its patent rights, Oura now files this Complaint for patent infringement. Oura is willing to engage in licensing discussions with Samsung, but Samsung continues to infringe Oura's global patent rights.

## **PARTIES**

10.    Plaintiff Ouraring Inc. is a Delaware corporation with its principal place of business at 222 Kearny Street, San Francisco, California 94108.

11.    Ouraring Inc. is a wholly owned subsidiary of Oura Health Oy, a Finnish company founded in 2013.

12.    On information and belief Defendant SEA is a New York corporation that is a wholly owned subsidiary of Samsung Electronics Co., Ltd. On information and belief, SEA may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. On information and belief, SEA is registered to do business in the State of Texas and has been since at least June 10, 1996.

13.    On information and belief, Samsung conducts business operations in the Eastern District of Texas at facilities located at 6625 Excellence Way, Plano, TX 75023 ("Plano Facility").

14.     On information and belief, Samsung employs full-time personnel such as sales personnel and engineers in this District.

15.     In addition, on information and belief, Samsung has authorized sellers and sales representatives that offer and sell products pertinent to this Complaint throughout the State of Texas, including in this District, and to consumers throughout this District, such as: Best Buy, 422 West TX-281 Loop, Suite 100, Longview, TX 75605; Walmart Supercenter, 1701 East End Boulevard North, Marshall, TX 75670; T-Mobile, 1806 East End Boulevard North, Suite 100, Marshall, TX 75670; and Verizon authorized retailers, including Russell Cellular of 1111 East Grand Avenue, Marshall, TX 75670 and Victra of 1006 East End Boulevard, Marshall, Texas 75670.

16.     Samsung offers its products and services, including the products accused of infringement in this Complaint, to customers and potential customers located in the Eastern District of Texas.

## NATURE OF THE ACTION, JURISDICTION, AND VENUE

17.     Oura brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

18.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States.

19.     This Court has personal jurisdiction over Samsung in this action pursuant to due process and/or the Texas Long Arm Statute, by virtue of at least the substantial business each Defendant conducts in this forum, directly and/or through intermediaries, including but not limited to: (1) having committed acts within the Eastern District of Texas giving rise to this action and having established minimum contacts with this forum such that the exercise of jurisdiction over

each Defendant would not offend traditional notions of fair play and substantial justice; (2) having directed its activities to customers in the State of Texas and this District, solicited business in the State of Texas and this District, transacted business within the State of Texas and this District and attempted to derive financial benefit from residents of the State of Texas and this District, including benefits directly related to the instant patent infringement causes of action set forth herein; (3) having placed their products and services into the stream of commerce throughout the United States and having been actively engaged in transacting business in Texas and in this District; and (4) either individually, as members of a common business enterprise, and/or in conjunction with third parties, having committed acts of infringement within Texas and in this District.

20.     For example, on information and belief, SEA maintains regular and established offices in the Eastern District of Texas, including at 6625 Excellence Way, Plano, TX 75023.

21.     Upon information and belief, Samsung's Plano Facility serves as a hub across multiple divisions. Samsung has described its Plano Facility as a "216,000 square foot" "flagship" location that "showcases [Samsung's] continued investment in [its] Texas roots." *See* https://news.samsung.com/us/samsung-electronics-america-open-flagship-north-texas-campus/ (last visited October 21, 2025). In Samsung's words, "Samsung's move to Plano further demonstrates the company's dedication to Texas . . . [and the Plano Facility] is home to Samsung Electronics America's second biggest employee population in the U.S. across multiple divisions – Customer Care, Mobile, Mobile R&D and Engineering." *Id.* In all, "more than 1,000 regional employees" were relocated to work out of the Plano Facility. *Id.*

22.     SEA, directly or through its distribution network, has purposefully and voluntarily placed infringing products in the stream of commerce knowing and expecting them to be purchased and used by consumers in the United States, including in the Eastern District of Texas.

23.     On information and belief, Samsung has also derived substantial revenues from infringing acts in the Eastern District of Texas, including from the sale and use of infringing products (including the Accused Products, to be defined below).

24.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

25.     Venue is proper as to SEA in this District pursuant to 28 U.S.C. § 1400(b) because SEA has regular and established places of business in this District, including, for example, a facility at 6625 Excellence Way, Plano, TX 75023. *See In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018), *In re Cray Inc.*, 871 F.3d 1355, 1362–63 (Fed. Cir. 2017).

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 11,868,178

26.     Oura incorporates paragraphs 1-25 above by reference.

27.     U.S. Patent No. 11,868,178 (attached hereto at Exhibit 1) duly issued on January 9, 2024, and is entitled *Wearable Computing Device*.

28.     Ouraring Inc. is the owner by assignment of the '178 Patent and possesses all rights under the '178 Patent, including the exclusive right to recover for past and future infringement.

29.     The '178 Patent is directed to a finger-worn wearable ring device. In particular, the apparatus disclosed in the '178 Patent ensures the inclusion of a battery, printed circuit board, and one or more sensors between an internal and external housing of a wearable ring device. Further, the apparatus disclosed in the '178 Patent provides "a wearable computing device [that] can be worn for extended periods of time and can take many measurements and perform various functions because of its form factor and position on the finger of a user." '178 Patent, 1:52-55.

30.     Specifically, the '178 Patent discloses an exemplary finger-worn wearable ring device including "an external housing component," "an internal housing component," "a battery," "a printed circuit board," and "one or more sensors," that all work in conjunction to provide a

wearable ring device. *See* '178 Patent, Cl. 1. Further, the battery is positioned within a cavity formed between the internal housing component and the external housing component with a shape and size configured to fit within a first portion of a cavity between circumferential surfaces. *See id.* The printed circuit board is also disposed between the internal and external housing components and extends through at least a second portion of the cavity. *See id.* The one or more sensors are electrically coupled to the printed circuit board and the battery and are configured to acquire data from the user through the internal housing component. *See id.*

31.     Figure 4 of the '178 Patent excerpted below is one example of the finger-worn wearable ring:



FIG. 4

32.     Samsung has directly infringed one or more claims of the '178 Patent in this District and elsewhere in Texas, including at least claim 1, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its smart ring technology, including at least Samsung products having materially similar configurations to a wearable smart ring device.

33. For example, Samsung has literally and/or under the doctrine of equivalents directly infringed at least claim 1 of the '178 Patent in this District and elsewhere in Texas by or through making, using, importing, offering for sale and/or selling at least the following: Galaxy Ring and its corresponding Applications, including the Galaxy Wearable Application and the Samsung Health Application (collectively, the "Accused Product"). *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). Oura reserves the right to discover and pursue any additional infringing devices that incorporate infringing functionalities. For the avoidance of doubt, the Accused Product is identified to describe Samsung's infringement and in no way limit the discovery and infringement allegations against Samsung concerning other devices that incorporate the same or reasonably similar functionalities.

34. The Accused Product includes a finger-worn wearable ring device. *See id*. As shown in the chart attached hereto as Exhibit 9, the Accused Product, including the Samsung Galaxy Ring, possesses "an external housing component," "an internal housing component," "a battery," "a printed circuit board," and "one or more sensors," as claimed in the '178 Patent.

35. Similarly, the following excerpts from Samsung's websites provide non-limiting examples of the Accused Product infringing at least claim 1 of the '178 Patent:



[https://www.samsung.com/us/rings/galaxy-ring/](https://www.samsung.com/us/rings/galaxy-ring/) (last visited October 21, 2025).

**Specs**

Display

| Color | Material | Size |
|---|---|---|
| Titanium Black | Titanium | 11 |

Dimensions

| Width | Thickness | Weight |
|---|---|---|
| 7.0mm | 2.6mm | 2.8g |

| Shipping Weight |
|---|
| 0.38 lb |

Battery

| Ring | Charging case | Usage |
|---|---|---|
| 19.5mAh | 361mAh | up to 6 days |

| Full charge |
|---|
| 80 min |

Sensors

| Accelerometer | PPG | Skin temperature |
|---|---|---|
| Yes | 2PD + 3LED (R / 2xG / IR) | NTC-Temperature Sensor |

Other Features

| MCU | RAM | Memory |
|---|---|---|
| nRF5340 (Nordic) | 512KB + 64KB | 8MB |

| Connectivity | Water Resistance |
|---|---|
| Bluetooth® 5.4 | 10ATM, IP68 |

https://www.samsung.com/us/rings/galaxy-ring/buy/galaxy-ring-size-11-titanium-black-sm-q501nzkaxar/ (last visited October 21, 2025)

36.     The foregoing features of the Accused Product and Samsung's description and/or demonstration thereof, including in user manuals and advertising, reflect Samsung's direct infringement by satisfying every element of at least claim 1 of the '178 Patent, under 35 U.S.C. § 271(a).

37.     Samsung has indirectly infringed at least claim 1 of the '178 Patent in this District and elsewhere in the United States by, among other things, actively inducing the use, offering for sale, selling, or importation of the Accused Product. Samsung's customers who purchase devices and components thereof and operate such devices and components in accordance with Samsung's instructions directly infringe one or more claims of the '178 Patent in violation of 35 U.S.C. § 271.

Samsung instructs its customers through at least user guides or websites, such as those located at: https://www.samsung.com/us/support/mobile/wearables/rings/galaxy-ring/ (last visited October 21, 2025); https://www.samsung.com/us/support/downloads/?model=N0061473 (last visited October 21, 2025); and https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025).

38.     For example, Samsung's website explains that the "Galaxy Ring packs the latest health tracking innovations into a compact design that fits comfortably around your finger." *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). Samsung instructs its customers that "[t]he more you wear your Galaxy Ring, the smarter it gets. Slip Galaxy Ring on your finger and let it track your health all day. Then, check the Samsung Health app to see the comprehensive health report Galaxy AI put together." *See id.* Further, Samsung states that you can "[g]et a closer read on your body than ever before with improved Heart Rate Tracking from Galaxy Ring," explaining that it "filters out your body's movement for a more precise reading so you can make informed decisions about your health and well-being." *See id.* Samsung also highlights that the "Galaxy Ring helps you take the guesswork out of your cycle with your own personal tracker, right on your finger. Get a read on your health with a device that knows you – it even senses slight changes in temperature." *See id.*

39.     Samsung is thereby liable for infringement of the '178 Patent pursuant to 35 U.S.C. § 271(b).

40.     Samsung has indirectly infringed at least claim 1 of the '178 Patent, by, among other things, contributing to the direct infringement of others, including customers of the Accused Product by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented

process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '178 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

41.    For example, the Accused Product includes hardware and software for implementing health tracking functionality in a smart ring wearable, including a battery, housings, sensors, and a printed circuit board. These are components of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, these components are a material part of the invention and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Samsung is liable for infringement of the '178 Patent pursuant to 35 U.S.C. § 271(c).

42.    Samsung has been on notice of the '178 Patent since, at least, May 30, 2024, based on Samsung's filing of a Complaint for Declaratory Judgement seeking declaratory judgement of non-infringement of the '178 Patent in the Northern District of California. *See Samsung Elecs. Co., Ltd. v. Oura Health Oy*, No. 3:24-cv-03245, Dkt. 1 (N.D. Cal. May 30, 2024). By the time of trial, Samsung will thus have known and intended that its continued actions would directly infringe and/or actively induce or contribute to actual infringement of at least claim 1 of the '178 Patent.

43.    Samsung undertook and continued its infringing actions despite an objectively high likelihood that such activities infringed the '178 Patent, which has been duly issued by the USPTO, and is presumed valid. Samsung has willfully infringed and continues to willfully infringe the '178 Patent.

44.    Oura has been and continues to be damaged by Samsung's infringement of the '178 Patent.

## COUNT 2 - INFRINGEMENT OF U.S. PATENT NO. 12,353,244

45.    Oura incorporates paragraphs 1-44 above by reference.

46.    U.S. Patent No. 12,353,244 (the "'244 Patent," attached hereto at Exhibit 2) duly issued on July 8, 2025, and is entitled *Wearable Computing Device*.

47.    Ouraring Inc. is the owner by assignment of the '244 Patent and possesses all rights under the '244 Patent, including the exclusive right to recover for past and future infringement.

48.    The '244 Patent is directed to a wearable ring device including, for example, a wearable ring device configured to be worn on a finger of a user. In particular, the apparatus disclosed in the '244 Patent ensures that a user can track their physical movement, skin temperature, heart rate, and blood oxygenation levels from sensing data obtained from the wearable ring device.

49.    Specifically, the '244 Patent discloses a wearable ring device including "an external housing," "an internal potting," "a curved battery," "a printed circuit board," "accelerometer," "temperature sensor," a "first light emitting diode (LED)," "a second LED," and "one or more light sensors" that all work in conjunction to provide a wearable smart ring device. *See* '244 Patent, Cl. 1. Further, the housing has an interior diameter between 12 mm and 24 mm, an exterior diameter between 18 mm and 30 mm, a width between 3 mm and 8 mm, and a thickness between 1.5 mm and 3 mm. *See id.* The sensors, including the accelerometer, temperature sensors, LEDs, and one or more light sensors, are electrically coupled to the printed circuit board and the battery and are configured to acquire data, such as the heart rate and blood oxygenation level, from the user. *See id.* An exemplary configuration is shown below in the excerpted Figures 3B, 8, 12A, 12B, 12C, 13, and 15B of the '244 Patent.



FIG. 3B



FIG.8



FIG. 12A

FIG. 12B

FIG. 12C



FIG.13



FIG.15B

50.    Samsung has directly infringed one or more claims of the '244 Patent in this District and elsewhere in Texas, including at least claim 1, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its smart ring technology, including at least Samsung products having materially similar configurations to a wearable ring device.

51.    For example, Samsung has literally and/or under the doctrine of equivalents directly infringed at least claim 1 of the '244 Patent in this District and elsewhere in Texas by or through making, using, importing, offering for sale and/or selling the Accused Product. *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). Oura reserves the right to discover and pursue any additional infringing devices that incorporate infringing functionalities. For the avoidance of doubt, the Accused Product is identified to describe

Samsung's infringement and in no way limit the discovery and infringement allegations against Samsung concerning other devices that incorporate the same or reasonably similar functionalities.

52.    The    Accused    Product    includes    a    wearable    ring    device.    *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). As shown in the chart attached hereto as Exhibit 10, the Accused Product, including the Samsung Galaxy Ring, possesses "an external housing," "an internal plotting," "a curved battery," "a printed circuit board," "accelerometer," "temperature sensor," a "first light emitting diode (LED)," "a second LED," and "one or more light sensors" as claimed in the '244 Patent.

53.    Similarly, the following excerpts from Samsung's websites provide non-limiting examples of the Accused Product infringing at least claim 1 of the '244 Patent:











[https://www.samsung.com/us/rings/galaxy-ring/](https://www.samsung.com/us/rings/galaxy-ring/) (last visited October 21, 2025).

**Specs**

### Display

| Color | Material | Size |
|---|---|---|
| Titanium Black | Titanium | 11 |

### Dimensions

| Width | Thickness | Weight |
|---|---|---|
| 7.0mm | 2.6mm | 2.8g |

| Shipping Weight | | |
|---|---|---|
| 0.38 lb | | |

### Battery

| Ring | Charging case | Usage |
|---|---|---|
| 19.5mAh | 361mAh | up to 6 days |

| Full charge | | |
|---|---|---|
| 80 min | | |

### Sensors

| Accelerometer | PPG | Skin temperature |
|---|---|---|
| Yes | 2PD + 3LED (R / 2xG / IR) | NTC-Temperature Sensor |

### Other Features

| MCU | RAM | Memory |
|---|---|---|
| nRF5340 (Nordic) | 512KB + 64KB | 8MB |

| Connectivity | Water Resistance | |
|---|---|---|
| Bluetooth® 5.4 | 10ATM, IP68 | |

21

https://www.samsung.com/us/rings/galaxy-ring/buy/galaxy-ring-size-11-titanium-black-sm-q501nzkaxar/ (last visited October 21, 2025).

54.     The foregoing features of the Accused Product and Samsung's description and/or demonstration thereof, including in user manuals and advertising, reflect Samsung's direct infringement by satisfying every element of at least claim 1 of the '244 Patent, under 35 U.S.C. § 271(a).

55.     Samsung has indirectly infringed at least claim 1 of the '244 Patent in this District and elsewhere in the United States by, among other things, actively inducing the use, offering for sale, selling, or importation of the Accused Product. Samsung's customers who purchase devices and components thereof and operate such devices and components in accordance with Samsung's instructions directly infringe one or more claims of the '244 Patent in violation of 35 U.S.C. § 271. Samsung instructs its customers through at least user guides or websites, such as those located at: https://www.samsung.com/us/support/mobile/wearables/rings/galaxy-ring/ (last visited October 21, 2025); https://www.samsung.com/us/support/downloads/?model=N0061473 (last visited October 21, 2025); and https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025).

56.     For example, Samsung's website explains that the "Galaxy Ring packs the latest health tracking innovations into a compact design that fits comfortably around your finger." *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). Samsung instructs its customers that "[t]he more you wear your Galaxy Ring, the smarter it gets. Slip Galaxy Ring on your finger and let it track your health all day. Then, check the Samsung Health app to see the comprehensive health report Galaxy AI put together." *See id.* Further, Samsung states that you can "[g]et a closer read on your body than ever before with improved Heart Rate Tracking

from Galaxy Ring," explaining that it "filters out your body's movement for a more precise reading so you can make informed decisions about your health and well-being." *See id.* Samsung also highlights that the "Galaxy Ring helps you take the guesswork out of your cycle with your own personal tracker, right on your finger. Get a read on your health with a device that knows you – it even senses slight changes in temperature." *See id.*

57.    Samsung is thereby liable for infringement of the '244 Patent pursuant to 35 U.S.C. § 271(b).

58.    Samsung has indirectly infringed at least claim 1 of the '244 Patent, by, among other things, contributing to the direct infringement of others, including customers of the Accused Product by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '244 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

59.    For example, the Accused Product includes hardware and software for implementing health tracking functionality in a smart ring wearable, including a curved battery, housings, sensors, LEDs, and a printed circuit board. These are components of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, these components are a material part of the invention and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Samsung is liable for infringement of the '244 Patent pursuant to 35 U.S.C. § 271(c).

60.    Samsung has been on notice of the '244 Patent since, at least, the filing of this Complaint. By the time of trial, Samsung will thus have known and intended that its continued

actions would directly infringe and/or actively induce or contribute to actual infringement of at least claim 1 of the '244 Patent.

61.    Samsung undertook and continued its infringing actions despite an objectively high likelihood that such activities infringed the '244 Patent, which has been duly issued by the USPTO, and is presumed valid. For example, since at least the filing of this Complaint, Samsung has been aware of an objectively high likelihood that its actions constituted and continue to constitute infringement of the '244 Patent, and that the '244 Patent is valid. On information and belief, Samsung could not reasonably, subjectively believe that its actions do not constitute infringement of the '244 Patent, nor could it reasonably, subjectively believe that the patent is invalid. Despite that knowledge and subjective belief, and the objectively high likelihood that its actions constitute infringement, Samsung continued its infringing activities. As such, Samsung has willfully infringed and continues to willfully infringe the '244 Patent.

62.    Oura has been and continues to be damaged by Samsung's infringement of the '244 Patent.

## COUNT 3 - INFRINGEMENT OF U.S. PATENT NO. 12,346,159

63.    Oura incorporates paragraphs 1-62 above by reference.

64.    U.S. Patent No. 12,346,159 (the "'159 Patent," attached hereto as Exhibit 3) duly issued on July 1, 2025, and is entitled *Wearable Computing Device*.

65.    Ouraring Inc. is the owner by assignment of the '159 Patent and possesses all rights under the '159 Patent, including the exclusive right to recover for past and future infringement.

66.    The '159 Patent is directed to a wearable ring device including, for example, a wearable ring device configured to be worn on a finger of a user. In particular, the apparatus

disclosed in the '159 Patent ensure that a user can track their physical movement, skin temperature, and blood oxygenation levels from sensing data obtained from the wearable ring device.

67.    Specifically, the '159 Patent discloses a wearable ring device including "an external housing," "an internal housing," "a curved battery," "a printed circuit board," "accelerometer," "temperature sensor," a "first light emitting diode (LED)," "a second LED," and "one or more light sensors" that all work in conjunction to provide a wearable smart ring device. *See* '159 Patent, Cl. 1. Further, the housing has an interior diameter between 12 mm and 24 mm, an exterior diameter between 18 mm and 30 mm, a width between 3 mm and 8 mm, and a thickness between 1.5 mm and 3 mm. The sensors, including the accelerometer, temperature sensors, LEDs, and one or more light sensors, are electrically coupled to the printed circuit board and the battery and are configured to acquire data, such as the temperature and blood oxygenation level, from the user. An exemplary configuration is shown below in the excerpted Figures 3B, 8, 12A, 12B, 12C, 13, and 15B of the '159 Patent.



FIG. 3B

25



FIG.8



FIG. 12A

FIG. 12B

FIG. 12C



FIG.13



FIG.15B

68.     Samsung has directly infringed one or more claims of the '159 Patent in this District and elsewhere in Texas, including at least claim 1, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its smart ring technology, including at least Samsung products having materially similar configurations to a wearable ring device.

69.     For example, Samsung has literally and/or under the doctrine of equivalents directly infringed at least claim 1 of the '159 Patent in this District and elsewhere in Texas by or through making, using, importing, offering for sale and/or selling the Accused Product. *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). Oura reserves the right to discover and pursue any additional infringing devices that incorporate infringing functionalities. For the avoidance of doubt, the Accused Product is identified to describe Samsung's infringement and in no way limit the discovery and infringement allegations against Samsung concerning other devices that incorporate the same or reasonably similar functionalities.

70.     The Accused Product includes a wearable ring device. *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). As shown in the chart attached hereto as Exhibit 11, the Accused Product, including the Samsung Galaxy Ring, possesses "an external housing," "an internal housing," "a curved battery," "a printed circuit board," "accelerometer," "temperature sensor," a "first light emitting diode (LED)," "a second LED," and "one or more light sensors" as claimed in the '159 Patent.

71.     Similarly, the following excerpts from Samsung's websites provide non-limiting examples of the Accused Product infringing at least claim 1 of the '159 Patent:



Precise monitoring with three sensors









[https://www.samsung.com/us/rings/galaxy-ring/](https://www.samsung.com/us/rings/galaxy-ring/) (last visited October 21, 2025).

**Specs**

Display

| Color | Material | Size |
|---|---|---|
| Titanium Black | Titanium | 11 |

Dimensions

| Width | Thickness | Weight |
|---|---|---|
| 7.0mm | 2.6mm | 2.8g |

| Shipping Weight | | |
|---|---|---|
| 0.38 lb | | |

Battery

| Ring | Charging case | Usage |
|---|---|---|
| 19.5mAh | 361mAh | up to 6 days |

| Full charge | | |
|---|---|---|
| 80 min | | |

Sensors

| Accelerometer | PPG | Skin temperature |
|---|---|---|
| Yes | 2PD + 3LED (R / 2xG / IR) | NTC-Temperature Sensor |

Other Features

| MCU | RAM | Memory |
|---|---|---|
| nRF5340 (Nordic) | 512KB + 64KB | 8MB |

| Connectivity | Water Resistance | |
|---|---|---|
| Bluetooth® 5.4 | 10ATM, IP68 | |

https://www.samsung.com/us/rings/galaxy-ring/buy/galaxy-ring-size-11-titanium-black-sm-q501nzkaxar/ (last visited October 21, 2025).

72.     The foregoing features of the Accused Product and Samsung's description and/or demonstration thereof, including in user manuals and advertising, reflect Samsung's direct infringement by satisfying every element of at least claim 1 of the '159 Patent, under 35 U.S.C. § 271(a).

73.     Samsung has indirectly infringed at least claim 1 of the '159 Patent in this District and elsewhere in the United States by, among other things, actively inducing the use, offering for sale, selling, or importation of the Accused Product. Samsung's customers who purchase devices and components thereof and operate such devices and components in accordance with Samsung's instructions directly infringe one or more claims of the '159 Patent in violation of 35 U.S.C. § 271.

31

Samsung instructs its customers through at least user guides or websites, such as those located at: https://www.samsung.com/us/support/mobile/wearables/rings/galaxy-ring/ (last visited October 21, 2025); https://www.samsung.com/us/support/downloads/?model=N0061473 (last visited October 21, 2025); and https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025).

74.    For example, Samsung's website explains that the "Galaxy Ring packs the latest health tracking innovations into a compact design that fits comfortably around your finger." *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). Samsung instructs its customers that "[t]he more you wear your Galaxy Ring, the smarter it gets. Slip Galaxy Ring on your finger and let it track your health all day. Then, check the Samsung Health app to see the comprehensive health report Galaxy AI put together." *See id.* Further, Samsung states that you can "[g]et a closer read on your body than ever before with improved Heart Rate Tracking from Galaxy Ring," explaining that it "filters out your body's movement for a more precise reading so you can make informed decisions about your health and well-being." *See id.* Samsung also highlights that the "Galaxy Ring helps you take the guesswork out of your cycle with your own personal tracker, right on your finger. Get a read on your health with a device that knows you – it even senses slight changes in temperature." *See id.*

75.    Samsung is thereby liable for infringement of the '159 Patent pursuant to 35 U.S.C. § 271(b).

76.    Samsung has indirectly infringed at least claim 1 of the '159 Patent, by, among other things, contributing to the direct infringement of others, including customers of the Accused Product by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented

process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '159 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

77.    For example, the Accused Product includes hardware and software for implementing health tracking functionality in a smart ring wearable, including a curved battery, housings, sensors, LEDs, and a printed circuit board. These are components of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, these components are a material part of the invention and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Samsung is liable for infringement of the '159 Patent pursuant to 35 U.S.C. § 271(c).

78.    Samsung has been on notice of the '159 Patent since, at least, the filing of this Complaint. By the time of trial, Samsung will thus have known and intended that its continued actions would directly infringe and/or actively induce or contribute to actual infringement of at least claim 1 of the '159 Patent.

79.    Samsung undertook and continued its infringing actions despite an objectively high likelihood that such activities infringed the '159 Patent, which has been duly issued by the USPTO, and is presumed valid. For example, since at least the filing of this Complaint, Samsung has been aware of an objectively high likelihood that its actions constituted and continue to constitute infringement of the '159 Patent, and that the '159 Patent is valid. On information and belief, Samsung could not reasonably, subjectively believe that its actions do not constitute infringement of the '159 Patent, nor could it reasonably, subjectively believe that the patent is invalid. Despite that knowledge and subjective belief, and the objectively high likelihood that its actions constitute

infringement, Samsung continued its infringing activities. As such, Samsung has willfully infringed and continues to willfully infringe the '159 Patent.

80.    Oura has been and continues to be damaged by Samsung's infringement of the '159 Patent.

## COUNT 4 - INFRINGEMENT OF U.S. PATENT NO. 12,393,227

81.    Oura incorporates paragraphs 1-80 above by reference.

82.    U.S. Patent No. 12,393,227 (the "'227 Patent," attached hereto as Exhibit 4) duly issued on August 19, 2025, and is entitled *Wearable Computing Device*.

83.    Ouraring Inc. is the owner by assignment of the '227 Patent and possesses all rights under the '227 Patent, including the exclusive right to recover for past and future infringement.

84.    The '227 Patent is directed to a method of manufacturing a wearable ring device including, for example, a wearable ring device configured to be worn on a finger of a user.

85.    Specifically, the '227 Patent discloses a method of manufacturing a wearable ring device configured to be worn on a finger of a user comprising constructing an external housing that has an exterior surface, an internal surface, a first sidewall and a second sidewall, wherein the internal surface, the first sidewall, and the second sidewall define an internal space of the external housing. *See* '227 Patent, Cl. 1. The claimed method includes steps of inserting a curved battery, a printed circuit board, and one or more components into a curved perimeter of the internal space of the external housing and applying an internal potting to at least partially fill the internal space of the external housing and cover the curved battery, the printed circuit board, and the one or more components, wherein the internal potting adheres to the external housing. *See id.* Further, the claimed method includes a step of polymerizing the internal potting, wherein at least a layer of the internal potting forms an interior surface of the wearable ring device that is configured to contact

34

tissue of the user when the wearable ring device is worn by the user. *See id.* The claimed method also defines the architecture of the wearable ring, claiming wherein the external housing and the internal potting form a housing for the wearable ring device, wherein the housing has an interior diameter between 12 mm and 24 mm, an exterior diameter between 18 mm and 30 mm, a width between 3 mm and 8 mm, and a thickness between 1.5 mm and 3 mm. *See id.* An exemplary configuration of a wearable ring device manufactured according to the claimed method is shown below in the excerpted Figures 12A, 12B, 12C, 13, 14A, 14D and 14E of the '227 Patent.





FIG.13



FIG.14A



FIG.14D

FIG.14E

86.    Samsung has directly infringed one or more claims of the '227 Patent in this District and elsewhere in Texas, including at least claim 1, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its smart ring technology, including at least Samsung products having materially similar configurations to a wearable ring device.

87.    For example, Samsung has literally and/or under the doctrine of equivalents directly infringed at least claim 1 of the '227 Patent in this District and elsewhere in Texas by or through making, using, importing, offering for sale and/or selling the Accused Product. *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). Oura reserves the right to discover and pursue any additional infringing devices that incorporate infringing functionalities. For the avoidance of doubt, the Accused Product is identified to describe Samsung's infringement and in no way limit the discovery and infringement allegations against Samsung concerning other devices that incorporate the same or reasonably similar functionalities.

88.    The Accused Product includes a wearable ring device. *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). As shown in the

chart attached hereto as Exhibit 12, the Accused Product, including the Samsung Galaxy Ring, possesses "an external housing," "an exterior surface," "an internal surface," "a first sidewall," "a second sidewall," "a curved battery," "a printed circuit board," "one or more components," and "an internal potting" as claimed in the '227 Patent.

89.    Similarly, the following excerpts from Samsung's websites provide non-limiting examples of the Accused Product infringing at least claim 1 of the '227 Patent:







https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025).

**Specs**

**Display**

| Color | Material | Size |
|---|---|---|
| Titanium Black | Titanium | 11 |

**Dimensions**

| Width | Thickness | Weight |
|---|---|---|
| 7.0mm | 2.6mm | 2.8g |

| Shipping Weight | | |
|---|---|---|
| 0.38 lb | | |

**Battery**

| Ring | Charging case | Usage |
|---|---|---|
| 19.5mAh | 361mAh | up to 6 days |

| Full charge | | |
|---|---|---|
| 80 min | | |

**Sensors**

| Accelerometer | PPG | Skin temperature |
|---|---|---|
| Yes | 2PD + 3LED (R / 2xG / IR) | NTC-Temperature Sensor |

**Other Features**

| MCU | RAM | Memory |
|---|---|---|
| nRF5340 (Nordic) | 512KB + 64KB | 8MB |

| Connectivity | Water Resistance | |
|---|---|---|
| Bluetooth® 5.4 | 10ATM, IP68 | |

https://www.samsung.com/us/rings/galaxy-ring/buy/galaxy-ring-size-11-titanium-black-sm-q501nzkaxar/ (last visited October 21, 2025).

90.     The foregoing features of the Accused Product and Samsung's description and/or demonstration thereof, including in user manuals and advertising, reflect Samsung's direct infringement by satisfying every element of at least claim 1 of the '227 Patent, under 35 U.S.C. § 271(a).

91.     Similarly, on information and belief, Samsung imports and/or sells within the United States after importation the Accused Product. For example, the product packaging for the Accused Product indicates that the product is "MADE IN VIETNAM BY SAMSUNG" and imported into the United States thereafter:



Exhibit 17 (annotated)



Exhibit 17 (annotated)

92.    Samsung is thereby liable for infringement of the '227 Patent pursuant to 35 U.S.C. § 271(g).

93.    Samsung has indirectly infringed at least claim 1 of the '227 Patent in this District and elsewhere in the United States by, among other things, actively inducing the use, offering for sale, selling, or importation of the Accused Product. On information and belief, Samsung purposefully causes its manufacturers through, for example, manufacturing agreements, to construct the Accused Product according to specifications provided by Samsung, which is covered by the patented method. Further, on information and belief, Samsung directs its sales channel to sell the Accused Product in the United States and facilitates the sales in the United States by offering customers technical support, user guides, and limited warranties, for example. *See* https://www.samsung.com/us/support/mobile/wearables/rings/galaxy-ring/ (last visited October 21, 2025); https://www.samsung.com/us/support/downloads/?model=N0061473 (last visited October 21, 2025); and https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). Such sales of the Accused Product in the United States directly infringe one or more claims of the '227 Patent in violation of 35 U.S.C. § 271.

94.    Samsung is thereby liable for infringement of the '227 Patent pursuant to 35 U.S.C. § 271(b).

95.    Samsung has been on notice of the '227 Patent since, at least, the filing of this Complaint. By the time of trial, Samsung will thus have known and intended that its continued actions would directly infringe and/or actively induce or contribute to actual infringement of at least claim 1 of the '227 Patent.

96.    Samsung undertook and continued its infringing actions despite an objectively high likelihood that such activities infringed the '227 Patent, which has been duly issued by the USPTO,

and is presumed valid. For example, since at least the filing of this Complaint, Samsung has been aware of an objectively high likelihood that its actions constituted and continue to constitute infringement of the '227 Patent, and that the '227 Patent is valid. On information and belief, Samsung could not reasonably, subjectively believe that its actions do not constitute infringement of the '227 Patent, nor could it reasonably, subjectively believe that the patent is invalid. Despite that knowledge and subjective belief, and the objectively high likelihood that its actions constitute infringement, Samsung continued its infringing activities. As such, Samsung has willfully infringed and continues to willfully infringe the '227 Patent.

97.    Oura has been and continues to be damaged by Samsung's infringement of the '227 Patent.

### COUNT 5 - INFRINGEMENT OF U.S. PATENT NO. 12,346,160

98.    Oura incorporates paragraphs 1-97 above by reference.

99.    U.S. Patent No. 12,346,160 (the "'160 Patent," attached hereto at Exhibit 5) duly issued on July 1, 2025, and is entitled *Wearable Computing Device*.

100.    Ouraring Inc. is the owner by assignment of the '160 Patent and possesses all rights under the '160 Patent, including the exclusive right to recover for past and future infringement.

101.    The '160 Patent is directed to a wearable ring device including, for example, a wearable ring device configured to be worn on a finger of a user. In particular, the apparatus disclosed in the '160 Patent ensure that a user can track their physical movement, skin temperature, heart rate, and blood oxygenation levels from sensing data obtained from the wearable ring device.

102.    Specifically, the '160 Patent discloses a wearable ring device including "an external housing," "an internal potting," "a curved battery," "a printed circuit board," "accelerometer," "temperature sensor," a "first light emitting diode (LED)," "a second LED," and "one or more

light sensors" that all work in conjunction to provide a wearable smart ring device. *See* '160 Patent, Cl. 1. Further, the housing has an interior diameter between 12 mm and 24 mm, an exterior diameter between 18 mm and 30 mm, a width between 3 mm and 8 mm, and a thickness between 1.5 mm and 3 mm where the external housing is made of a metallic material. *See id.* The sensors, including the accelerometer, temperature sensors, LEDs, and one or more light sensors, are electrically coupled to the printed circuit board and the battery and are configured to acquire data, such as the heart rate and blood oxygenation level, from the user. *See id.* An exemplary configuration is shown below in the excerpted Figures 3B, 8, 12A, 12B, 12C, 13, and 15B of the '160 Patent.



FIG. 3B



FIG.8



FIG. 12A

FIG. 12B

FIG. 12C



FIG.13



FIG.15B

103.    Samsung has directly infringed one or more claims of the '160 Patent in this District and elsewhere in Texas, including at least claim 1, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its smart ring technology, including at least Samsung products having materially similar configurations to a wearable ring device.

104.    For example, Samsung has literally and/or under the doctrine of equivalents directly infringed at least claim 1 of the '160 Patent in this District and elsewhere in Texas by or through making, using, importing, offering for sale and/or selling the Accused Products. *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). Oura reserves the right to discover and pursue any additional infringing devices that incorporate infringing functionalities. For the avoidance of doubt, the Accused Product is identified to describe Samsung's infringement and in no way limit the discovery and infringement allegations against Samsung concerning other devices that incorporate the same or reasonably similar functionalities.

105.    The    Accused    Product    includes    a    wearable    ring    device.    *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). As shown in the chart attached hereto as Exhibit 13, the Accused Product, including the Samsung Galaxy Ring, possesses "an external housing," "an internal plotting," "a curved battery," "a printed circuit board," "accelerometer," "temperature sensor," a "first light emitting diode (LED)," "a second LED," and "one or more light sensors" as claimed in the '160 Patent.

106.    Similarly, the following excerpts from Samsung's websites provide non-limiting examples of the Accused Product infringing at least claim 1 of the '160 Patent:





  

## Keep a finger on your pulse

Get a closer read on your body than ever before with improved Heart Rate Tracking from Galaxy Ring. It filters out your body's movement for a more precise reading so you can make informed decisions about your health and well-being.

ℹ️ High HR

❤️ 158 bpm



[https://www.samsung.com/us/rings/galaxy-ring/](https://www.samsung.com/us/rings/galaxy-ring/) (last visited October 21, 2025).

**Specs**

**Display**

| Color | Material | Size |
|---|---|---|
| Titanium Black | Titanium | 11 |

**Dimensions**

| Width | Thickness | Weight |
|---|---|---|
| 7.0mm | 2.6mm | 2.8g |

| Shipping Weight | | |
|---|---|---|
| 0.38 lb | | |

**Battery**

| Ring | Charging case | Usage |
|---|---|---|
| 19.5mAh | 361mAh | up to 6 days |

| Full charge | | |
|---|---|---|
| 80 min | | |

**Sensors**

| Accelerometer | PPG | Skin temperature |
|---|---|---|
| Yes | 2PD + 3LED (R / 2xG / IR) | NTC-Temperature Sensor |

**Other Features**

| MCU | RAM | Memory |
|---|---|---|
| nRF5340 (Nordic) | 512KB + 64KB | 8MB |

| Connectivity | Water Resistance | |
|---|---|---|
| Bluetooth® 5.4 | 10ATM, IP68 | |

49

https://www.samsung.com/us/rings/galaxy-ring/buy/galaxy-ring-size-11-titanium-black-sm-q501nzkaxar/ (last visited October 21, 2025).

107.    The foregoing features of the Accused Product and Samsung's description and/or demonstration thereof, including in user manuals and advertising, reflect Samsung's direct infringement by satisfying every element of at least claim 1 of the '160 Patent, under 35 U.S.C. § 271(a).

108.    Samsung has indirectly infringed at least claim 1 of the '160 Patent in this District and elsewhere in the United States by, among other things, actively inducing the use, offering for sale, selling, or importation of the Accused Product. Samsung's customers who purchase devices and components thereof and operate such devices and components in accordance with Samsung's instructions directly infringe one or more claims of the '160 Patent in violation of 35 U.S.C. § 271. Samsung instructs its customers through at least user guides or websites, such as those located at: https://www.samsung.com/us/support/mobile/wearables/rings/galaxy-ring/ (last visited October 21, 2025); https://www.samsung.com/us/support/downloads/?model=N0061473 (last visited October 21, 2025); and https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025).

109.    For example, Samsung's website explains that the "Galaxy Ring packs the latest health tracking innovations into a compact design that fits comfortably around your finger." *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). Samsung instructs its customers that "[t]he more you wear your Galaxy Ring, the smarter it gets. Slip Galaxy Ring on your finger and let it track your health all day. Then, check the Samsung Health app to see the comprehensive health report Galaxy AI put together." *See id.* Further, Samsung states that you can "[g]et a closer read on your body than ever before with improved Heart Rate Tracking

from Galaxy Ring," explaining that it "filters out your body's movement for a more precise reading so you can make informed decisions about your health and well-being." *See id.* Samsung also highlights that the "Galaxy Ring helps you take the guesswork out of your cycle with your own personal tracker, right on your finger. Get a read on your health with a device that knows you – it even senses slight changes in temperature." *See id.*

110.    Samsung is thereby liable for infringement of the '160 Patent pursuant to 35 U.S.C. § 271(b).

111.    Samsung has indirectly infringed at least claim 1 of the '160 Patent, by, among other things, contributing to the direct infringement of others, including customers of the Accused Product by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '160 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

112.    For example, the Accused Product includes hardware and software for implementing health tracking functionality in a smart ring wearable, including a curved battery, housings, sensors, LEDs, and a printed circuit board. These are components of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, these components are a material part of the invention and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Samsung is liable for infringement of the '160 Patent pursuant to 35 U.S.C. § 271(c).

113.    Samsung has been on notice of the '160 Patent since, at least, the filing of this Complaint. By the time of trial, Samsung will thus have known and intended that its continued

actions would directly infringe and/or actively induce or contribute to actual infringement of at least claim 1 of the '160 Patent.

114.    Samsung undertook and continued its infringing actions despite an objectively high likelihood that such activities infringed the '160 Patent, which has been duly issued by the USPTO, and is presumed valid. For example, since at least the filing of this Complaint, Samsung has been aware of an objectively high likelihood that its actions constituted and continue to constitute infringement of the '160 Patent, and that the '160 Patent is valid. On information and belief, Samsung could not reasonably, subjectively believe that its actions do not constitute infringement of the '160 Patent, nor could it reasonably, subjectively believe that the patent is invalid. Despite that knowledge and subjective belief, and the objectively high likelihood that its actions constitute infringement, Samsung continued its infringing activities. As such, Samsung has willfully infringed and continues to willfully infringe the '160 Patent.

115.    Oura has been and continues to be damaged by Samsung's infringement of the '160 Patent.

## COUNT 6 - INFRINGEMENT OF U.S. PATENT NO. 12,422,889

116.    Oura incorporates paragraphs 1-115 above by reference.

117.    U.S. Patent No. 12,422,889 (the "'889 Patent," attached hereto at Exhibit 6) duly issued on September 23, 2025, and is entitled *Wearable Computing Device*.

118.    Ouraring Inc. is the owner by assignment of the '889 Patent and possesses all rights under the '889 Patent, including the exclusive right to recover for past and future infringement.

119.    The '889 Patent is directed to a wearable ring device including, for example, a wearable ring device configured to be worn on a finger of a user. In particular, the apparatus disclosed in the '889 Patent ensure that a user can track their physical movement, skin temperature, heart rate, and blood oxygenation levels from sensing data obtained from the wearable ring device.

120.     Specifically, the '889 Patent discloses a wearable ring device including "an external housing," "an internal potting," "a curved battery," "a printed circuit board," "accelerometer," "temperature sensor," a "first light emitting diode (LED)," "a second LED," and "one or more light sensors" that all work in conjunction to provide a wearable smart ring device. *See* '889 Patent, Cl. 1. Further, the external housing is made of a metallic material and has an exterior surface, an internal surface, a first flange, and a second flange. *See id.* The internal surface, the first flange, and the second flange create an internal space of the exterior housing. *See id.* The curved battery and printed circuit board extend along the curved perimeter of the external housing. *See id.* The internal potting at least partially surrounds a curved battery, a printed circuit board, and one or more components, and wherein at least a portion of the internal potting forms an interior surface of the wearable ring device that contacts the user's finger. *See id.* The sensors, including the accelerometer, temperature sensors, LEDs, and one or more light sensors, are electrically coupled to the printed circuit board and the battery and are configured to acquire data, such as the heart rate and blood oxygenation level, from the user. *See id.* An exemplary configuration is shown below in the excerpted Figures 3B, 8, 12A, 12B, 12C, 13, and 15B of the '889 Patent.



*302*

TEMPERATURE SENSOR *320a*  RED LED *320b*  LIGHT SENSOR *320c*  IR LED *320d*

FIG. 3B



800

814a INSULATOR    812a OUTER RING    815 FLEX PCBA    810

THERMOGENEREATORS 840

INNER RING 812b

INSULATOR 814b

FIG.8



FIG. 12A

FIG. 12B

FIG. 12C



FIG.13



FIG.15B

121.    Samsung has directly infringed one or more claims of the '889 Patent in this District and elsewhere in Texas, including at least claim 1, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its smart ring technology, including at least Samsung products having materially similar configurations to a wearable ring device.

122.    For example, Samsung has literally and/or under the doctrine of equivalents directly infringed at least claim 1 of the '889 Patent in this District and elsewhere in Texas by or through making, using, importing, offering for sale and/or selling the Accused Products. *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). Oura reserves the right to discover and pursue any additional infringing devices that incorporate infringing functionalities. For the avoidance of doubt, the Accused Product is identified to describe

Samsung's infringement and in no way limit the discovery and infringement allegations against Samsung concerning other devices that incorporate the same or reasonably similar functionalities.

123.    The Accused Product includes a wearable ring device. *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). As shown in the chart attached hereto as Exhibit 14, the Accused Product, including the Samsung Galaxy Ring, possesses "an external housing," "an internal plotting," "a curved battery," "a printed circuit board," "accelerometer," "temperature sensor," a "first light emitting diode (LED)," "a second LED," and "one or more light sensors" as claimed in the '889 Patent.

124.    Similarly, the following excerpts from Samsung's websites provide non-limiting examples of the Accused Product infringing at least claim 1 of the '889 Patent:





Precise monitoring with three sensors









[https://www.samsung.com/us/rings/galaxy-ring/](https://www.samsung.com/us/rings/galaxy-ring/) (last visited October 21, 2025).

**Specs**

Display

| Color | Material | Size |
|---|---|---|
| Titanium Black | Titanium | 11 |

Dimensions

| Width | Thickness | Weight |
|---|---|---|
| 7.0mm | 2.6mm | 2.8g |

| Shipping Weight | | |
|---|---|---|
| 0.38 lb | | |

Battery

| Ring | Charging case | Usage |
|---|---|---|
| 19.5mAh | 361mAh | up to 6 days |

| Full charge | | |
|---|---|---|
| 80 min | | |

Sensors

| Accelerometer | PPG | Skin temperature |
|---|---|---|
| Yes | 2PD + 3LED (R / 2xG / IR) | NTC-Temperature Sensor |

Other Features

| MCU | RAM | Memory |
|---|---|---|
| nRF5340 (Nordic) | 512KB + 64KB | 8MB |

| Connectivity | Water Resistance | |
|---|---|---|
| Bluetooth® 5.4 | 10ATM, IP68 | |

https://www.samsung.com/us/rings/galaxy-ring/buy/galaxy-ring-size-11-titanium-black-sm-q501nzkaxar/ (last visited October 21, 2025).

125.    The foregoing features of the Accused Product and Samsung's description and/or demonstration thereof, including in user manuals and advertising, reflect Samsung's direct infringement by satisfying every element of at least claim 1 of the '889 Patent, under 35 U.S.C. § 271(a).

126.    Samsung has indirectly infringed at least claim 1 of the '889 Patent in this District and elsewhere in the United States by, among other things, actively inducing the use, offering for sale, selling, or importation of the Accused Product. Samsung's customers who purchase devices and components thereof and operate such devices and components in accordance with Samsung's instructions directly infringe one or more claims of the '889 Patent in violation of 35 U.S.C. § 271.

60

Samsung instructs its customers through at least user guides or websites, such as those located at: https://www.samsung.com/us/support/mobile/wearables/rings/galaxy-ring/ (last visited October 21, 2025); https://www.samsung.com/us/support/downloads/?model=N0061473 (last visited October 21, 2025); and https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025).

127.    For example, Samsung's website explains that the "Galaxy Ring packs the latest health tracking innovations into a compact design that fits comfortably around your finger." *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). Samsung instructs its customers that "[t]he more you wear your Galaxy Ring, the smarter it gets. Slip Galaxy Ring on your finger and let it track your health all day. Then, check the Samsung Health app to see the comprehensive health report Galaxy AI put together." *See id.* Further, Samsung states that you can "[g]et a closer read on your body than ever before with improved Heart Rate Tracking from Galaxy Ring," explaining that it "filters out your body's movement for a more precise reading so you can make informed decisions about your health and well-being." *See id.* Samsung also highlights that the "Galaxy Ring helps you take the guesswork out of your cycle with your own personal tracker, right on your finger. Get a read on your health with a device that knows you – it even senses slight changes in temperature." *See id.*

128.    Samsung is thereby liable for infringement of the '889 Patent pursuant to 35 U.S.C. § 271(b).

129.    Samsung has indirectly infringed at least claim 1 of the '889 Patent, by, among other things, contributing to the direct infringement of others, including customers of the Accused Product by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented

process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '889 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

130.    For example, the Accused Product includes hardware and software for implementing health tracking functionality in a smart ring wearable, including a curved battery, housings, sensors, LEDs, and a printed circuit board. These are components of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, these components are a material part of the invention and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Samsung is liable for infringement of the '889 Patent pursuant to 35 U.S.C. § 271(c).

131.    Samsung has been on notice of the '889 Patent since, at least, the filing of this Complaint. By the time of trial, Samsung will thus have known and intended that its continued actions would directly infringe and/or actively induce or contribute to actual infringement of at least claim 1 of the '889 Patent.

132.    Samsung undertook and continued its infringing actions despite an objectively high likelihood that such activities infringed the '889 Patent, which has been duly issued by the USPTO, and is presumed valid. For example, since at least the filing of this Complaint, Samsung has been aware of an objectively high likelihood that its actions constituted and continue to constitute infringement of the '889 Patent, and that the '889 Patent is valid. On information and belief, Samsung could not reasonably, subjectively believe that its actions do not constitute infringement of the '889 Patent, nor could it reasonably, subjectively believe that the patent is invalid. Despite that knowledge and subjective belief, and the objectively high likelihood that its actions constitute

infringement, Samsung continued its infringing activities. As such, Samsung has willfully infringed and continues to willfully infringe the '889 Patent.

133.    Oura has been and continues to be damaged by Samsung's infringement of the '889 Patent.

## COUNT 7 - INFRINGEMENT OF U.S. PATENT NO. 12,429,909

134.    Oura incorporates paragraphs 1-133 above by reference.

135.    U.S. Patent No. 12,429,909 (the "'909 Patent," attached hereto as Exhibit 7) duly issued on September 30, 2025, and is entitled *Wearable Computing Device*.

136.    Ouraring Inc. is the owner by assignment of the '909 Patent and possesses all rights under the '909 Patent, including the exclusive right to recover for past and future infringement.

137.    The '909 Patent is directed to a method of manufacturing a wearable ring device including, for example, a wearable ring device configured to be worn on a finger of a user.

138.    Specifically, the '909 Patent discloses a method of manufacturing a wearable ring device configured to be worn on a finger of a user comprising constructing an external housing that has an exterior surface, an internal surface, a first flange and a second flange, wherein the internal surface, the first flange, and the second flange at least partially define an internal space of the external housing. *See* '909 Patent, Cl. 1. The claimed method includes steps of inserting a curved battery, a printed circuit board, and one or more components into a curved perimeter of the internal space of the external housing and applying an internal potting to at least partially fill the internal space of the external housing and at least partially cover the curved battery and the printed circuit board, wherein at least a portion of the internal potting forms an interior surface that is configured to contact the user's finger. *See id.* Further, the external housing and the internal plotting form a housing for the wearable ring device. *See id.* An exemplary configuration of a

wearable ring device manufactured according to the claimed method is shown below in the excerpted Figures 12A, 12B, 12C, 13, 14A, 14D, and 14E of the '909 Patent.





FIG.13



FIG.14A



FIG.14D



FIG.14E

139.    Samsung has directly infringed one or more claims of the '909 Patent in this District and elsewhere in Texas, including at least claim 1, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its smart ring technology, including at least Samsung products having materially similar configurations to a wearable ring device.

140.    For example, Samsung has literally and/or under the doctrine of equivalents directly infringed at least claim 1 of the '909 Patent in this District and elsewhere in Texas by or through making, using, importing, offering for sale and/or selling the Accused Product. *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). Oura reserves the right to discover and pursue any additional infringing devices that incorporate infringing functionalities. For the avoidance of doubt, the Accused Product is identified to describe Samsung's infringement and in no way limit the discovery and infringement allegations against Samsung concerning other devices that incorporate the same or reasonably similar functionalities.

141.    The Accused Product includes a wearable ring device. *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). As shown in the

chart attached hereto as Exhibit 15, the Accused Product, including the Samsung Galaxy Ring, possesses "an external housing," "an exterior surface," "an internal surface," "a first flange," "a second flange," "internal potting," "a curved battery," "a printed circuit board," and "one or more components." as claimed in the '909 Patent.

142.    Similarly, the following excerpts from Samsung's websites provide non-limiting examples of the Accused Product infringing at least claim 1 of the '909 Patent:







https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025).

**Specs**

**Display**

| Color | Material | Size |
|---|---|---|
| Titanium Black | Titanium | 11 |

**Dimensions**

| Width | Thickness | Weight |
|---|---|---|
| 7.0mm | 2.6mm | 2.8g |

| Shipping Weight | | |
|---|---|---|
| 0.38 lb | | |

**Battery**

| Ring | Charging case | Usage |
|---|---|---|
| 19.5mAh | 361mAh | up to 6 days |

| Full charge | | |
|---|---|---|
| 80 min | | |

**Sensors**

| Accelerometer | PPG | Skin temperature |
|---|---|---|
| Yes | 2PD + 3LED (R / 2xG / IR) | NTC-Temperature Sensor |

**Other Features**

| MCU | RAM | Memory |
|---|---|---|
| nRF5340 (Nordic) | 512KB + 64KB | 8MB |

| Connectivity | Water Resistance | |
|---|---|---|
| Bluetooth® 5.4 | 10ATM, IP68 | |

https://www.samsung.com/us/rings/galaxy-ring/buy/galaxy-ring-size-11-titanium-black-sm-q501nzkaxar/ (last visited October 21, 2025).

143.    The foregoing features of the Accused Product and Samsung's description and/or demonstration thereof, including in user manuals and advertising, reflect Samsung's direct infringement by satisfying every element of at least claim 1 of the '909 Patent, under 35 U.S.C. § 271(a).

144.    Similarly, on information and belief, Samsung imports and/or sells within the United States after importation the Accused Product. For example, the product packaging for the Accused Product indicates that the product is "MADE IN VIETNAM BY SAMSUNG" and imported into the United States thereafter:



Exhibit 17 (annotated)



Exhibit 17 (annotated)

145.    Samsung is thereby liable for infringement of the '909 Patent pursuant to 35 U.S.C. § 271(g).

146.    Samsung has indirectly infringed at least claim 1 of the '909 Patent in this District and elsewhere in the United States by, among other things, actively inducing the use, offering for sale, selling, or importation of the Accused Product. On information and belief, Samsung purposefully causes its manufacturers through, for example, manufacturing agreements, to construct the Accused Product according to specifications provided by Samsung, which is in covered by the patented method. Further, on information and belief, Samsung directs its sales channel to sell the Accused Product in the United States and facilitates the sales in the United States by offering customers technical support, user guides, and limited warranties, for example. *See* https://www.samsung.com/us/support/mobile/wearables/rings/galaxy-ring/ (last visited October 21, 2025); https://www.samsung.com/us/support/downloads/?model=N0061473 (last visited October 21, 2025); and https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). Such sales of the Accused Product in the United States directly infringe one or more claims of the '909 Patent in violation of 35 U.S.C. § 271.

147.    Samsung is thereby liable for infringement of the '909 Patent pursuant to 35 U.S.C. § 271(b).

148.    Samsung has been on notice of the '909 Patent since, at least, the filing of this Complaint. By the time of trial, Samsung will thus have known and intended that its continued actions would directly infringe and/or actively induce or contribute to actual infringement of at least claim 1 of the '909 Patent.

149.    Samsung undertook and continued its infringing actions despite an objectively high likelihood that such activities infringed the '909 Patent, which has been duly issued by the USPTO,

and is presumed valid. For example, since at least the filing of this Complaint, Samsung has been aware of an objectively high likelihood that its actions constituted and continue to constitute infringement of the '909 Patent, and that the '909 Patent is valid. On information and belief, Samsung could not reasonably, subjectively believe that its actions do not constitute infringement of the '909 Patent, nor could it reasonably, subjectively believe that the patent is invalid. Despite that knowledge and subjective belief, and the objectively high likelihood that its actions constitute infringement, Samsung continued its infringing activities. As such, Samsung has willfully infringed and continues to willfully infringe the '909 Patent.

150.    Oura has been and continues to be damaged by Samsung's infringement of the '909 Patent.

**COUNT 8 - INFRINGEMENT OF U.S. PATENT NO. 12,222,759**

151.    Oura incorporates paragraphs 1-150 above by reference.

152.    U.S. Patent No. 12,222,759 (the "'759 Patent," attached hereto at Exhibit 8) duly issued on February 11, 2025, and is entitled *Wearable Computing Device*.

153.    Ouraring Inc. is the owner by assignment of the '759 Patent and possesses all rights under the '759 Patent, including the exclusive right to recover for past and future infringement.

154.    The '759 Patent is directed to a wearable ring device including, for example, a wearable ring device configured to be worn on a finger of a user. In particular, the apparatus disclosed in the '759 Patent ensure that a user can track their physical movement, skin temperature, heart rate, and blood oxygenation levels from sensing data obtained from the wearable ring device.

155.    Specifically, the '759 Patent discloses a wearable ring device including "a housing," "a curved battery," "a printed circuit board," and "a plurality of sensors," comprising "one or more light-emitting diode components," "one or more light-receiving components," and "a communication module" that all work in conjunction to provide a wearable smart ring device.

71

*See* '759 Patent, Cl. 17. The housing has an interior and exterior surface and wherein at least a portion of the interior surface, the exterior surface, or both, is made of a metallic material. *See id.* Further, at least a portion of the interior surface is configured to contact a tissue of a user. A curved battery and a printed circuit board are disposed within the housing. *See id.* A plurality of sensors, comprising one or more light-emitting components, one or more light-receiving components, and a communication module, are electrically coupled with the printed circuit board and the curved battery. *See id.* The plurality of sensors are configured to acquire data, such as physical activity, sleep, or health, from the user. *See id.* An exemplary configuration is shown below in the excerpted Figures 3B, 8, 12A, 12B, 12C, and 13 of the '759 Patent.



FIG. 3B



FIG.8



FIG. 12A

FIG. 12B

FIG. 12C



FIG.13

156.    Samsung has directly infringed one or more claims of the '759 Patent in this District and elsewhere in Texas, including at least claim 17, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its smart ring technology, including at least Samsung products having materially similar configurations to a wearable ring device.

157.    For example, Samsung has literally and/or under the doctrine of equivalents directly infringed at least claim 17 of the '759 Patent in this District and elsewhere in Texas by or through making, using, importing, offering for sale and/or selling the Accused Products. *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). Oura reserves the right to discover and pursue any additional infringing devices that incorporate infringing functionalities. For the avoidance of doubt, the Accused Product is identified to describe Samsung's infringement and in no way limit the discovery and infringement allegations against Samsung concerning other devices that incorporate the same or reasonably similar functionalities.

74

158.    The    Accused    Product    includes    a    wearable    ring    device.    *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). As shown in the chart attached hereto as Exhibit 16, the Accused Product, including the Samsung Galaxy Ring, possesses "a housing," "a curved battery," "a printed circuit board," and "a plurality of sensors," comprising "one or more light-emitting diode components," "one or more light-receiving components," and "a communication module," as claimed in the '759 Patent.

159.    Similarly, the following excerpts from Samsung's websites provide non-limiting examples of the Accused Product infringing at least claim 17 of the '759 Patent:





Precise monitoring with three sensors









https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025).

**Specs**

Display

| Color | Material | Size |
|---|---|---|
| Titanium Black | Titanium | 11 |

Dimensions

| Width | Thickness | Weight |
|---|---|---|
| 7.0mm | 2.6mm | 2.8g |

| Shipping Weight | | |
|---|---|---|
| 0.38 lb | | |

Battery

| Ring | Charging case | Usage |
|---|---|---|
| 19.5mAh | 361mAh | up to 6 days |

| Full charge | | |
|---|---|---|
| 80 min | | |

Sensors

| Accelerometer | PPG | Skin temperature |
|---|---|---|
| Yes | 2PD + 3LED (R / 2xG / IR) | NTC-Temperature Sensor |

Other Features

| MCU | RAM | Memory |
|---|---|---|
| nRF5340 (Nordic) | 512KB + 64KB | 8MB |

| Connectivity | Water Resistance | |
|---|---|---|
| Bluetooth® 5.4 | 10ATM, IP68 | |

https://www.samsung.com/us/rings/galaxy-ring/buy/galaxy-ring-size-11-titanium-black-sm-q501nzkaxar/ (last visited October 21, 2025).

160.    The foregoing features of the Accused Product and Samsung's description and/or demonstration thereof, including in user manuals and advertising, reflect Samsung's direct infringement by satisfying every element of at least claim 17 of the '759 Patent, under 35 U.S.C. § 271(a).

161.    Samsung has indirectly infringed at least claim 17 of the '759 Patent in this District and elsewhere in the United States by, among other things, actively inducing the use, offering for sale, selling, or importation of the Accused Product. Samsung's customers who purchase devices and components thereof and operate such devices and components in accordance with Samsung's instructions directly infringe one or more claims of the '759 Patent in violation of 35 U.S.C. § 271.

78

Samsung instructs its customers through at least user guides or websites, such as those located at: https://www.samsung.com/us/support/mobile/wearables/rings/galaxy-ring/ (last visited October 21, 2025); https://www.samsung.com/us/support/downloads/?model=N0061473 (last visited October 21, 2025); and https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025).

162.    For example, Samsung's website explains that the "Galaxy Ring packs the latest health tracking innovations into a compact design that fits comfortably around your finger." *See* https://www.samsung.com/us/rings/galaxy-ring/ (last visited October 21, 2025). Samsung instructs its customers that "[t]he more you wear your Galaxy Ring, the smarter it gets. Slip Galaxy Ring on your finger and let it track your health all day. Then, check the Samsung Health app to see the comprehensive health report Galaxy AI put together." *See id.* Further, Samsung states that you can "[g]et a closer read on your body than ever before with improved Heart Rate Tracking from Galaxy Ring," explaining that it "filters out your body's movement for a more precise reading so you can make informed decisions about your health and well-being." *See id.* Samsung also highlights that the "Galaxy Ring helps you take the guesswork out of your cycle with your own personal tracker, right on your finger. Get a read on your health with a device that knows you – it even senses slight changes in temperature." *See id.*

163.    Samsung is thereby liable for infringement of the '759 Patent pursuant to 35 U.S.C. § 271(b).

164.    Samsung has indirectly infringed at least claim 17 of the '759 Patent, by, among other things, contributing to the direct infringement of others, including customers of the Accused Product by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented

process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '759 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

165.    For example, the Accused Product includes hardware and software for implementing health tracking functionality in a smart ring wearable, including a curved battery, housings, sensors, LEDs, and a printed circuit board. These are components of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, these components are a material part of the invention and upon information and belief are not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Samsung is liable for infringement of the '759 Patent pursuant to 35 U.S.C. § 271(c).

166.    Samsung has been on notice of the '759 Patent since, at least, the filing of this Complaint. By the time of trial, Samsung will thus have known and intended that its continued actions would directly infringe and/or actively induce or contribute to actual infringement of at least claim 1 of the '759 Patent.

167.    Samsung undertook and continued its infringing actions despite an objectively high likelihood that such activities infringed the '759 Patent, which has been duly issued by the USPTO, and is presumed valid. For example, since at least the filing of this Complaint, Samsung has been aware of an objectively high likelihood that its actions constituted and continue to constitute infringement of the '759 Patent, and that the '759 Patent is valid. On information and belief, Samsung could not reasonably, subjectively believe that its actions do not constitute infringement of the '759 Patent, nor could it reasonably, subjectively believe that the patent is invalid. Despite that knowledge and subjective belief, and the objectively high likelihood that its actions constitute

infringement, Samsung continued its infringing activities. As such, Samsung has willfully infringed and continues to willfully infringe the '759 Patent.

168.    Oura has been and continues to be damaged by Samsung's infringement of the '759 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Oura prays for relief as follows:

A.    An adjudication that Samsung has infringed one or more claims of the '178, '244, '159, '227, '160, '889, '909, and '759 Patents, literally and/or under the doctrine of equivalents;

B.    An adjudication that Samsung has indirectly infringed one or more claims of the '178, '244, '159, '227, '160, '889, '909, and '759 Patents, literally and/or under the doctrine of equivalents;

C.    An award of damages to be paid by Samsung adequate to compensate Oura for Samsung's past infringement of the '178, '244, '159, '227, '160, '889, '909, and '759 Patents, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses, and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

D.    An award related to any other equitable relief which may be requested and to which Oura is entitled;

E.    A declaration that this case is exceptional under 35 U.S.C. § 285;

F.    An award of Oura's reasonable attorneys' fees;

G.    A declaration that Samsung's acts of infringement were willful;

H.    An award of enhanced damages against Samsung pursuant to 35 U.S.C. § 284; and

I.      An award to Oura of such further relief at law or in equity as the Court deems just and proper.

## **<u>JURY TRIAL DEMANDED</u>**

Oura hereby demands a trial by jury.


Dated: October 24, 2025                    By:      */s/ Jasjit S. Vidwan*

Geoff Culbertson (Texas Bar No. 24045732)
Kelly Tidwell (Texas Bar No. 20020580)
**PATTON, TIDWELL, & CULBERTSON, LLP**
2800 Texas Blvd. (75503)
Post Office Box 5398
Texarkana, TX 75505-5398
(P) (903) 792-7080
(F) (903) 792-8233
gpc@texarkanalaw.com
kbt@texarkanalaw.com

Jasjit S. Vidwan
James A. Fussell, III
Saqib J. Siddiqui
Bryan C. Nese
Tiffany A. Miller
Alison T. Gelsleichter
Amanda E. Stephenson
Seth W. Bruneel
Courtney Krawice
Paul Choi
So Ra Ko
**MAYER BROWN LLP**
1999 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000
jvidwan@mayerbrown.com
jfussell@mayerbrown.com
ssiddqui@mayerbrown.com
bnese@mayerbrown.com
tmiller@mayerbrown.com
agelsleichter@mayerbrown.com
astephenson@mayerbrown.com
sbruneel@mayerbrown.com

ckrawice@mayerbrown.com
pchoi@mayerbrown.com
sko@mayerbrown.com

Robert G. Pluta
**MAYER BROWN LLP**
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
rpluta@mayerbrown.com

*Counsel for Plaintiff Ouraring Inc.*